722 F.2d 1167
 Abdul SHAH, Robert Jackson, Appellants,
v.
T.D. HUTTO, Gene Johnson, Major San Fillippio, Mrs. O.J.
Garland, J.M. King, Members of the ICC, R.A. Bass,
A.P. Grizzard, S.S. Taylor, Appellees.
 No. 81-6855.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 4, 1983.
Decided Dec. 8, 1983.
 
 Martin J. Barrington, Richmond, Va. (Hunton & Williams, Richmond, Va., on brief), for appellants.
 Alan Katz, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen., of Virginia, Richmond, Va., on brief), for appellees.
 Before WINTER, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge, sitting en banc.
 K.K. HALL, Circuit Judge:
 
 
 1
 Virginia prisoners, Abdul Shah and Robert Jackson, seek to appeal from the district court's dismissal of their complaint brought pursuant to 42 U.S.C. Sec. 1983. A panel majority of this Court held that the 1979 amendment to Federal Rule of Appellate Procedure 4(a) did not overrule our decision in Craig v. Garrison, 549 F.2d 306 (4th Cir.1977). Shah v. Hutto, 704 F.2d 717 (4th Cir.1983). Because of the exceptional importance of this issue, we granted rehearing en banc. We conclude that we have no appellate jurisdiction and dismiss the appeal.
 
 
 2
 On August 25, 1981, the district court entered summary judgment for defendants. Thirty-one days later, on September 25, 1981, plaintiffs' notice of appeal was filed. Plaintiffs have never filed a motion for an extension of time within which to file a notice of appeal due to excusable neglect.
 
 
 3
 Notice of appeal in a civil suit is required to be filed within thirty days of the entry of judgment. Fed.R.App.P. 4(a)(1). "This 30-day time limit is 'mandatory and jurisdictional.' " Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)). In Craig v. Garrison, 549 F.2d 306 (4th Cir.1977), Craig filed his notice of appeal thirty-seven days after dismissal of his habeas petitions, but under former Fed.R.App.P. 4(a),* we held that:[W]hen a pro se litigant's notice of appeal is filed within sufficient time to allow the district court to grant an extension of time upon a showing of excusable neglect, the court should not treat the notice as untimely until it has advised the litigant of the requirements of F.R.A.P. 4(a) and provided him an opportunity to establish excusable neglect to justify the extension of time authorized by that rule.
 
 
 4
 Id. at 307. In effect, we treated Craig's untimely notice of appeal as a motion for an extension of time.
 
 
 5
 Thereafter, in 1979, Congress amended Fed.R.App.P. 4(a) to read as follows:
 
 
 6
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 7
 (Emphasis added). This language expressly requires the filing of a motion for an extension of time. The Notes of the Advisory Committee on Appellate Rules further explain that:
 
 
 8
 The proposed amendment would make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time, and that if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days measured from the date on which the order granting the motion is entered.
 
 
 9
 Under the present rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application. The amendment would require that the application must be made by motion, though the motion may be made ex parte. After the expiration of the initial time a motion for the extension of the time must be made in compliance with the F.R.C.P. [Federal Rules of Civil Procedure, this title] and local rules of the district court.
 
 
 10
 (Emphasis added).
 
 
 11
 Other Circuit Courts, which have reviewed the effect of the 1979 amendments to Rule 4(a) of the Federal Rules of Appellate Procedure under similar circumstances, have abandoned the rationale of Craig v. Garrison, and have held that a motion to extend the time must be filed no later than thirty days after the expiration of the original appeal period in order for a court of appeals to have jurisdiction over the appeal. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983); Brooks v. Britton, 669 F.2d 665 (11th Cir.1982); Pettibone v. Cupp, 666 F.2d 333 (9th Cir.1981); Wyzik v. Employee Benefit Plan of Crane Co., 663 F.2d 348 (1st Cir.1981); Mayfield v. United States Parole Commission, 647 F.2d 1053 (10th Cir.1981); Sanchez v. Board of Regents, 625 F.2d 521 (5th Cir.1980). We agree with the reasoning of these cases and hold that the 1979 amendment to Fed.R.App.P. 4(a) overruled our decision in Craig v. Garrison.
 
 
 12
 The fact that plaintiffs are incarcerated and are proceeding pro se does not change the clear language of the Rule. Dismissal is required where the Rule has not been followed. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983); Brooks v. Britton, 669 F.2d 665 (11th Cir.1982); Pettibone v. Cupp, 666 F.2d 333 (9th Cir.1981); Mayfield v. United States Parole Commission, 647 F.2d 1053 (10th Cir.1981); Meggett v. Wainwright, 642 F.2d 95 (5th Cir.1981), cert. denied, 454 U.S. 1090, 102 S.Ct. 653, 70 L.Ed.2d 628 (1981).
 
 
 13
 We are bound by the language of the 1979 amendment and its requirement of a "motion filed" within the second thirty-day period at the latest. A bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest. No motion was timely filed in this case.
 
 
 14
 Accordingly, we dismiss the appeal for lack of jurisdiction, and we do not reach the merits.
 
 
 15
 DISMISSED.
 
 
 16
 HAYNSWORTH, Senior Circuit Judge, with whom HARRISON L. WINTER, Chief Judge, MURNAGHAN and ERVIN, Circuit Judges, join, dissenting:
 
 
 17
 For the reasons more fully stated in the majority panel opinion, Shah v. Hutto, 704 F.2d 717 (4th Cir.1983), we dissent.
 
 
 18
 A majority of this en banc court has the power to overrule Craig v. Garrison, 549 F.2d 306, 307 (4th Cir.1977), if it thinks that Craig was wrongly decided. However, we cannot accept the proposition that the 1979 amendment to Federal Rule of Appellate Procedure 4(a) overturned Craig and mandated the result reached by the majority.
 
 
 19
 The 1979 amendment effected three substantive changes in Rule 4(a)(5), none of which is relevant to the problem presented in this case.
 
 
 20
 The old rule permitted an extension of time within which to file a notice of appeal to be granted upon an informal application made before the expiration of the thirty-day appeal period. As amended in 1979, the rule requires any such application for an extension to be by motion, though it may be ex parte. Since there was no application for an extension of time made before expiration of the thirty-day appeal period, that change has no bearing upon this case.
 
 
 21
 We are concerned here with a motion for an extension of time based upon excusable neglect in failing to file the notice of appeal within the thirty-day appeal period. Before the 1979 amendment, such an application for an extension of time was required to be made by motion. The 1979 amendment's basic requirement of a motion adds nothing to the earlier requirement of a motion after expiration of the thirty-day appeal period.
 
 
 22
 The revisors' principal concern was the problem presented in In re Orbitec, 520 F.2d 358 (2d Cir.1975), which was discussed in the note of the Advisory Committee. The earlier version of the rule limited the extension period to thirty days. A problem arose when there was a timely motion for an extension of time filed within the thirty-day extension period, but the motion had not been granted before the expiration of the extension period and no notice of appeal had been filed. Under those circumstances, the party was penalized for the court's failure to promptly consider his motion for an extension of time. To rectify that situation, the 1979 amendment made two other changes.
 
 
 23
 It included an explicit requirement that a motion for an extension of time within which to file a notice of appeal be made before expiration of the thirty-day extension period. It then resolved the In re Orbitec problem by a provision stating that if a timely motion for an extension of time had been made, the notice of appeal could be filed within ten days after the filing of an order granting the motion, notwithstanding the fact that the thirty-day extension period had then expired.
 
 
 24
 Thus, the 1979 amendment solved a vexing problem created by a rigid interpretation of an earlier version of the rule. Nothing in those changes, however, appears to us to be a rejection of the kind of flexible application of the rule represented by Craig v. Garrison, and kindred cases in both the Supreme Court and the courts of appeals.
 
 
 25
 Shah and Jackson mailed their notices of appeal on the twenty-eighth day after judgment in the district court. It took the United States Postal Service a surprising three business days to deliver the notices of appeal to the Clerk's office in Richmond, though the penitentiary in Richmond was within walking distance of the Clerk's office. The notices of appeal were marked filed on the thirty-first day, but no one told Shah and Jackson that there had been a delay in the mail, that the notices were received one day late, or that they might be entitled to an extension of time upon the filing of a motion. Indeed, nothing else occurred before expiration of the extension period. In similar circumstances, we held in Craig v. Garrison, in effect, that implicit in the filing of the notice of appeal was a motion for an extension of time within which to file it. We would adhere to the principle of that case. It is perfectly apparent that Shah and Jackson wished to appeal and wished to do and have done whatever was necessary to effect their right of appeal.
 
 
 26
 We cannot blame them for this misadventure. They had every reason to expect that notices of appeal mailed on the twenty-eighth day would be received in the Clerk's office, a few city blocks away, at least by the thirtieth day.
 
 
 27
 For reasons more fully stated in the panel majority opinion, we respectfully dissent.
 
 
 
 *
 The last paragraph of former Fed.R.App.P. 4(a) provided in part that:
 Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.