798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elizabeth M.R. GILLIS, Plaintiff-Appellant,
v.
Kate I. SMITH; United States Naval Regional Medical Center;
Donald J. Fullam; Louis H. Buehl; John Lehman, Secretary
of the Navy; John D. Marriott; B.C. Hines, Claudette
Clunan; J. Henninger; Katherine E. Campen; Edwin Meese,
Attorney General of the U.S.; Charles Brown; Hong Y.
Chung; Wayne B. Venters; Johnny L. Williams; Noel B.
Rogers; C. Landis Hackney; Hosea Horne, Jr.; Jim F.
Sharpe; Doris Gaskin; Donald Erny; U.S. Attorney,
Defendants-Appellees.
 No. 86-1106.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1986.
Decided Aug. 26, 1986.
 
 Elizabeth M.R. Gillis, appellant pro se.
 Harold Robert Showers, Office of the U.S. Atty.; Samuel G. Thompson, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, for appellees.
 E.D.N.C.
 DISMISSED.
 Before RUSSELL, ERVIN and CHAPMAN, Circuit Judge.
 PER CURIAM:
 
 
 1
 Elizabeth Gillis seeks to appeal the district court's dismissal of her suit filed pursuant to the Federal Tort Claims Act, 28 U.S.C. 5 1346(b). Before us is appellees' motion to dismiss the appeal.
 
 
 2
 The district court, adopting the recommendation of the magistrate, entered its judgment on December 17, 1985. Gillis filed a notice of appeal on April 13, 1986, far in excess of the 0ixty-day time limit for noting an appeal in a suit to which the United States is a party. Fed. R. App. P. 4(a). Gillis did not file, within thirty days after the expiration of the appeal period, a motion for extension of the filing period. Fed. R. App. P. 4(a) (5); Shah v. Hutto, 722 F.2d 1167 (4th Cir. 1983) (en banc), cert. denied, 466 U.S. 975 (1984). In the absence of a timely notice of appeal or a timely motion for extension of the filing period, we are without jurisdiction to review the case. Hensle v. Chesapeake & Ohio Railway Co., 651 F.2d 226, 228 (4th Cir. 1981). We therefore grant the motion and dismiss the appeal.