804 F.2d 677
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Edward KUPLEN, Plaintiff-Appellant,
v.
Ann B. PETERSON; J. Russell Nipper, Margaret Keller; Ted
E. Corvette, Jr.; Patricia Susan Young; Susan
Axsom Wright; P. Michelle Rippon; John
M. Kennedy; James J. Coman,
Defendants-Appellees.
 No. 86-7260.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 17, 1986.
Decided Nov. 3, 1986.
 
 John Edward Kuplen, appellant pro se.
 Jacob Leonard Safron, David S. Crump and David Roy Blackwell, Office of the Attorney General of North Carolina for appellees Peterson, Nipper, Keller, Rippon, Kennedy and Coman.
 Ted E. Corvette, Corvette & Hassell, for appellees Corvette, Young, and Wright.
 E.D.N.C.
 DISMISSED.
 Before RUSSELL, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Edward Kuplen, a North Carolina inmate, appeals the district court's dismissal of his action brought under 42 U.S.C. Sec. 1983. We dismiss for lack of jurisdiction.
 
 
 2
 The district court entered judgment on July 28, 1986. Kuplen filed a bare notice of appeal on August 28, 1986. The date of filing was thirty-one days after the July 28, 1986, judgment. Kuplen did not thereafter move for an extension of time to file his appeal due to "excusable neglect," as provided by Fed.R.App.P. 4(a)(5).
 
 
 3
 Notice of appeal in a civil suit is required to be filed within thirty days of the entry of judgment. Fed.R.App.P. (4)(a)(1). "This 30-day time limit is 'mandatory and jurisdictional'." Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).
 
 
 4
 Kuplen's notice of appeal filed on August 28, 1986 did not fall within the thirty-day time limit imposed by Fed.R.App.P. 4(a). Kuplen did not file a motion for extension of time, nor did he acknowledge the tardiness of his appeal in any manner which could be construed as a motion for an extension of time. Accordingly, this Court is without jurisdiction to hear the appeal. Shah v. Hutto, 722 F.2d 1167, 1168 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984).
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 6
 DISMISSED.