808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence M. LYSZAJ, Plaintiff-Appellant,
v.
ALBEMARLE DISTRICT JAIL; North Carolina Department of
Corrections; D.M. Sawyer, Sheriff; Julian Broughton,
Sheriff; Robert Berry, Sheriff; John Smith, as six unnamed
Deputy Sheriffs at Albemarle District Jail; Ralph Edwards;
Sam Garrison; Mohammod Baloch; Elsie Williams; G.R.C.
Morgan; Nurse Pitt; S. Kearn; M. Hodge, Defendants-Appellees.
 No. 86-7675.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 17, 1986.
Decided Dec. 11, 1986.
 
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judges.
 Lawrence M. Lyszaj, appellant pro se.
 Gaston Elvin Small, III; H.T. Mullen, Jr., White, Hall, Mullen, Brumsey & Small; Sylvia Hargett Thibaut, Office of the Attorney General; Allan R. Gitter, Womble, Carlyle, Sandridge & Rice; John V. Matthews, Jr.; John Wiley Halstead, Jr., Jennette, Morrison, Austin & Halstead, for appellees.
 PER CURIAM:
 
 
 1
 Lawrence Lyszaj, a Virginia inmate, appeals from the district court's order dismissing his action brought under 42 U.S.C. Sec. 1983. We dismiss his appeal for lack of jurisdiction.
 
 
 2
 On July 28, 1986, the district court entered final judgment for all defendants. Lyszaj's notice of appeal was received by the district court on September 2, 1986, thirty-five days after the entry of judgment. Fed.R.App.P. 4(a)(1) requires that a notice of appeal be received within thirty days of the entry of the judgment or order appealed from. A timely notice of appeal is a mandatory prerequisite to jurisdiction in the Court of Appeals. Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978).
 
 
 3
 Lyszaj's notice of appeal was received by the district court more than thirty days after judgment was rendered. No motion for an extension of time was filed, nor can Lyszaj's notice of appeal be construed as a motion for extension of time to file due to excusable neglect as provided by Fed.R.App.P. 4(a)(5). Therefore, this Court is without jurisdiction to hear the appeal. Shah v. Hutto, 722 F.2d 1167, 1168 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984).
 
 
 4
 Accordingly, we dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 DISMISSED.