813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tennison MADISON, Plaintiff-Appellant,
v.
H.M. JACKSON; James Hunt, Governor of State of North
Carolina; Rufus L. Edmisten, North Carolina
Attorney General; Lee County Sheriff's
Department; D.F. Holder;
Lewis Brown,
Defendants-
Appellees,
 No. 86-2122.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1986.
Decided Dec. 17, 1986.
 
 Before RUSSELL, PHILLIPS and ERVIN, Circuit Judges.
 Tennison Madison, appellant pro se.
 Kenneth R. Hoyle, George M. Jackson and Jacob Leonard Safron, for appellees.
 PER CURIAM:
 
 
 1
 On May 2, 1984, Tennison Madison filed two complaints which contend that his civil rights were violated by the defendants. Due to the similarity of the issues and parties involved the district court consolidated the cases. On October 30, 1984 the court granted the defendants' motion and dismissed Madison's claims. Madison filed his notice of appeal on December 19, 1984.
 
 
 2
 The only issue before this court is whether Madison's appeal was filed timely. In civil actions in which the United States is not a party, appellants have thirty days from entry of the district court's order to file their notice of appeal. Fed.R.App.P. 4(a)(1). November 29 was the deadline for Madison to note his appeal. The notice of appeal was not filed until December 19.
 
 
 3
 Rule 4(a)(5), Fed.R.App.P., provides a limited means by which appellants may seek extension of their thirty day limit. Rule 4(a)(5) indicates: "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." The appellant must specifically request an extension of time. This Court has determined that " '[a] bare notice of appeal ... where no request for additional time is manifest,' no longer may be construed automatically as a motion for an extension of time for the pro se litigant." Myers v. Stephens, 748 F.2d 202, 204 (4th Cir.1984) (quoting Shah v. Hutto, 722 F.2d 1167, 1168-69 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984)). Madison's notice of appeal contained no language seeking an extension of the appeal period.
 
 
 4
 Accordingly, we dismiss the appeal as untimely filed. Because the dispositive issues have recently been decided we dispense with oral argument.
 
 DISMISSED