811 F.2d 1506
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie WHITE, Petitioner-Appellant,
v.
Nathan RICE, Rufus L. Edmisten, Respondents-Appellees.
 No. 86-6726.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 31, 1986.
Decided Feb. 3, 1987.
 
 Before RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Willie White, appellant pro se.
 Barry S. McNeill, Assistant Attorney General, for Appellees.
 PER CURIAM:
 
 
 1
 Willie White, a North Carolina inmate, seeks to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. The district court entered final judgment in this case on March 31, 1986. White noted his appeal on July 24, 1986, 115 days after entry of judgment, or 85 days later than the period prescribed by Fed.R.App.P. 4(a)(1).
 
 
 2
 Under Fed.R.App.P. 4(a)(1), an appeal must be noted within 30 days after entry of judgment. Under Fed.R.App.P. 4(a)(5) a district court, "upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration [of the appeal period]." Absent a timely request for extension of the appeal period, a notice of appeal filed outside the period allowed by Rule 4(a)(1) is untimely and ineffective to confer appellate jurisdiction. Shah v. Hutto, 722 F.2d 1167 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984). Although White contends that he did not received a copy of the judgment until July 18, 1986, lack of notice of the entry of judgment does not affect the time to appeal or authorize a court to excuse a party for failure to appeal within the permissible filing period. See Hensley v. Chesapeake & Ohio Ry., 651 F.2d 226, 229 (4th Cir.1981). Therefore, this Court lacks jurisdiction to hear White's appeal.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, deny a certificate of probable cause to appeal, and dismiss this appeal for lack of jurisdiction.
 
 
 4
 DISMISSED.