812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy Wilson GAZAWAY, a/k/a Billy G. Greer, Petitioner-Appellant,
v.
DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, (Edward
Murray), Attorney General of Virginia,
Respondents-Appellees.
 No. 86-6745.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 31, 1986.
Decided Feb. 17, 1987.
 
 Roy Wilson Gazaway, appellant pro se.
 Jacqueline G. Epps, Assistant Attorney General, for appellees.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Judgment was entered against Roy Wilson Gazaway on his petition for post-conviction relief on June 17, 1986. Gazaway filed a timely Rule 59 motion. See Dove v. CODESCO, 569 F.2d 807 (4th Cir. 1978) (post-judgment motion filed within ten days of judgment that calls into question correctness of judgment should be treated as Rule 59 motion); Fed. R. Civ. P. 59(e). In this motion, Gazaway requested the court to treat the motion as a notice of appeal if the motion was denied. The motion was denied on July 14. Gazaway failed to file a timely notice of appeal. As a result, this Court lacks jurisdiction, and the appeal must be dismissed.
 
 
 2
 Filing of a Rule 59 motion tolls the time to file an appeal, and any notice of appeal filed before the motion's disposition has no effect. See Griqqs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); Fed. R. App. P. 4(a)(4) (new notice of appeal must be filed after entry of order disposing of motion). Thus, Gazaway's statements in his motion concerning his intentions to appeal cannot substitute for filing an appeal once the motion was decided. After the motion's disposition, Gazaway had thirty days to note his appeal. Gazaway did not file a timely appeal, nor did he request an extension. This Court will not construe an untimely notice of appeal as a motion for an extension of time. See Shah v. Hutto, 722 F.2d 1167 (4th Cir. 1983) (en banc), cert. denied, 466 U.S. 975 (1984). Therefore, this appeal must be dismissed for lack of jurisdiction.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal.
 
 
 4
 DISMISSED.