838 F.2d 469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert S. WILLIS, Plaintiff-Appellant,
v.
Daniel TURNER, Defendant-Appellee.
 No. 86-1713.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 26, 1987.
Decided: Jan. 12, 1988.
 
 Robert S. Willis, pro se.
 Before ERVIN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert S. Willis appeals the district court order dismissing his complaint for lack of subject matter jurisdiction. Judgment was entered on September 2, 1986 and Willis submitted his notice of appeal on October 3, 1986. Federal Rule of Appellate Procedure 4(a)(1) requires that an appeal be noted within 30 days from the entry of judgment. Willis' notice of appeal was received outside this thirty day period.*
 
 
 2
 On September 22, 1986 Willis filed a motion for a new hearing. Since this motion was filed more than ten days after the entry of judgment it does not toll the time for filing a notice of appeal. See Fed.R.App.P. 4(a)(4).
 
 
 3
 Fed.R.App.P. 4(a)(5) provides that the district court may extend the time for filing a notice of appeal "upon a showing of excusable neglect." This Court, however, has held that "[a] bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest." Shah v. Hutto, 722 F.2d 1167, 1168-69 (4th Cir.1983), cert. denied, 466 U.S. 975 (1984). As Willis made no timely request for an extension of time this Court lacks jurisdiction to hear this appeal.
 
 
 4
 Because the dispositive issues have recently been decided authoritatively we dispense with oral argument and dismiss the appeal for lack of jurisdiction.
 
 
 5
 DISMISSED.
 
 
 
 *
 The district court withheld filing of the untimely notice of appeal until after a ruling on Willis' postjudgment motion for a new hearing. Assuming that Willis seeks to appeal the district court's denial of postjudgment relief under Fed.R.Civ.P. 60(b), we find no abuse of discretion in the district court's denial of the motion