846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Morty SABAII, Plaintiff-Appellant,
v.
SMITH & SCHURMAN, P.A., Defendant-Appellee.
 No. 87-3197.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 18, 1988.
Decided May 12, 1988.
 
 Morty Sabaii, appellant pro se.
 Diane Orlick Leasure, Fossett & Brugger, Chartered, for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Morty Sabaii appeals from the dismissal of his Title VII employment discrimination action and the denial of his post-judgment motion for reconsideration. Sabaii's action was dismissed by the district court in an order entered on October 13, 1987. Sabaii filed his motion for reconsideration thirty one days later on November 13, 1987 and the motion was dismissed by the district court on that day. Sabaii filed his notice of appeal on November 30, 1987. Appellees moved this court to dismiss the appeal as untimely; Sabaii opposed the motion.
 
 
 2
 This Court is without jurisdiction to consider Sabaii's appeal from the October 13 order dismissing his case because his notice of appeal was untimely filed. A notice of appeal must be filed within thirty days of entry of judgment. Fed.R.App.P. 4(a)(1). Sabaii did not file his notice of appeal until forty-eight days after entry of the October 13 order. Though the notice was filed within the second thirty-day period in which the court may grant an extension of the appeal period upon a showing of good cause or excusable neglect pursuant to Fed.R.App.P. 4(a)(5), Sabaii's notice of appeal failed to make such a showing, nor did it request additional time to file his appeal. This Court has held that a bare notice of appeal may not be construed as a motion for extension of time. Shah v. Hutto, 722 F.2d 1167 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984).
 
 
 3
 Though a timely Fed.R.Civ.P. 59 motion would have tolled the appeal period, Sabaii's motion for reconsideration does not qualify as a Rule 59 motion because it was filed more than ten days after entry of judgment. Sabaii's motion is properly classified as a Fed.R.Civ.P. 60(b) motion. Rule 60(b) motions do not toll the appeal period. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982).
 
 
 4
 Since Sabaii's notice of appeal was filed within thirty days of the court's denial of the motion for reconsideration, this Court has jurisdiction to consider the appeal from that order. When considering the denial of a motion for reconsideration made pursuant to Rule 60(b), the proper standard for review is whether the district court abused its discretion. Transportation, Inc. v. Mayflower Services, Inc., 769 F.2d 952, 954 (4th Cir.1985). Having reviewed the record, we find the district court did not abuse its discretion in denying Sabaii's motion.
 
 
 5
 For the foregoing reasons, we dismiss as untimely that portion of the appeal seeking review of the district court's dismissal of Sabaii's Title VII action and affirm the judgment of the district court denying his motion for reconsideration. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED IN PART, DISMISSED IN PART.