**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4800

JOHN DELBERT WOODS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-92-82)

Submitted: April 29, 1997

Decided: May 13, 1997

Before WIDENER and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

David Gammino, Richmond, Virginia, for Appellant. Stephen Wiley
Miller, OFFICE OF THE UNITED STATES ATTORNEY, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Delbert Woods pled guilty to violation of his supervised release. The sentencing judge informed him that, if he wished to appeal, his appeal must be filed within ten days. The judgment and commitment order was entered on September 18, 1996. On October 9, 1996, Woods signed a notice of appeal which was filed with the district court on October 15, 1996. On November 12, 1996, Woods' attorney filed a motion to extend the time for filing a notice of appeal. The district court denied this motion.

Rule 4(b) of the Federal Rules of Appellate Procedure requires a notice of appeal to be filed within ten days of judgment. The district court may extend the time for filing a notice of appeal for thirty days upon a showing of excusable neglect with or without a motion being filed. Woods' notice of appeal clearly fell outside the ten-day appeal period. However, because it was within thirty days of the expiration of the appeal period, the district court had the discretion to grant an extension upon a showing of excusable neglect. See Shah v. Hutto, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc). The district court, however, chose to deny Woods' motion and we find no abuse of discretion in this decision. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 532 & n.2 (4th Cir. 1996) (providing standard). Accordingly, we dismiss the appeal as untimely and deny counsel's motion to withdraw.

This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

DISMISSED