UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

PETER A. MUNTJAN,
　　　　　　*Plaintiff-Appellant,*

v.

DONALD WALTEMEYER; DAVID
CHEUVRONT, II; OFFICE OF THE
STATE'S ATTORNEY FOR BALTIMORE
CITY; CITY OF BALTIMORE; STATE OF
MARYLAND,

　　　　　　*Defendants-Appellees.*

No. 01-2378

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-98-675-L)

Submitted: April 30, 2002

Decided: June 7, 2002

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Vacated and dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Peter A. Muntjan, Appellant Pro Se. Donald Ray Huskey, LAW
DEPARTMENT OF BALTIMORE CITY, Baltimore, Maryland;
Maureen Mullen Dove, Assistant Attorney General, Melissa Shane
Whipkey, OFFICE OF THE ATTORNEY GENERAL OF MARY-

LAND, Baltimore, Maryland; William Rowe Phelan, Jr., OFFICE OF THE CITY SOLICITOR, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Peter A. Muntjan appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 2001) complaint. We dismiss the appeal for lack of jurisdiction because Muntjan's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, *see* Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on October 9, 2001. Muntjan's notice of appeal was filed on November 13, 2001, more than thirty days after entry of the order. Although Muntjan's notice of appeal did not request an extension of the appeal period, the district court liberally construed the motion to include such a request and granted relief based on Muntjan's pro se status and his misunderstanding of the rules that explain how to calculate the time for noting an appeal. Although we certainly understand the district court's decision to liberally construe Muntjan's filing given the long tradition of so construing pro se documents, the rule in this circuit is that courts may not grant an extension of the period in which to note an appeal in the absence of a motion explicitly requesting that the court do so. *See Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (holding

that in the absence of a motion for extension of time, the district court cannot extend the appeal period in a civil action). Furthermore, the reasons given by Muntjan to justify his late filing, *i.e.* his pro se status and misunderstanding of the applicable rules, would not warrant relief in any event. *Id.* ("The fact that plaintiffs are incarcerated and are proceeding pro se" does not warrant relief from the time limits imposed by Rule 4(a)).

Moreover, because Muntjan never requested an extension of the appeal period, his notice of appeal was untimely. Accordingly, we vacate the district court's order granting an extension of time to file an appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND DISMISSED*