**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-7612

HOWARD W. PAYNE, JR.,

Petitioner - Appellant,

v.

DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:07-cv-00152-LMB)

Submitted: February 21, 2008      Decided: February 26, 2008

Before MOTZ and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Howard W. Payne, Jr., Appellant Pro Se. Eugene Paul Murphy, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard W. Payne, Jr. seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2000) petition challenging the validity of his convictions for rape, forcible sodomy and abduction. We deny leave to proceed in forma pauperis, deny Payne's motion for appointment of counsel, and dismiss the appeal for lack of jurisdiction.

In civil cases in which the United States is not a party, parties have thirty days after the entry of the district court's final judgment or order to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(A). A district court may extend the time to file a notice of appeal if a party moves for an extension within thirty days after expiration of the original appeal period and the party has shown excusable neglect or good cause warranting an extension. See Fed. R. App. P. 4(a)(5)(A); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989). A bare notice of appeal does not constitute a motion for an extension of time, however, if "no request for additional time is manifest." Shah v. Hutto, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc). The time period within which to file a notice of appeal is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal citations omitted).

The district court's order dismissing Payne's § 2254 petition was entered on September 14, 2007. Payne's notice of

appeal was not filed until October 16, 2007, at the earliest.[*] Payne did not move for an extension of time nor did his notice of appeal include a request for additional time. Because Payne failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny Payne leave to proceed in forma pauperis, deny his motion for appointment of counsel, and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decision process.

DISMISSED

---

[*]Although Payne's notice of appeal was not filed with the district court until October 22, 2007, because Payne certified that he deposited the notice in his institution's mailbox on October 16, 2007, it is deemed filed with the district court on that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).