**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1064**

WESLEY EDWARD SMITH, III,

        Plaintiff – Appellant,

    v.

CHARLESTON COUNTY SCHOOL DISTRICT; BARBERA DILLIGARD, Dr.;
RONALD MCWHIRT, Dr.; JOSEPH DAWSON, JR., Mr.; JOSEPH DAWSON,
III; ELIJAH RIVERS, Mr.; OWENS BUSH, Dr.; JESSICA FREEMAN,
Mrs.; JUNE MULLINS, Mrs.; NANCY MCGINNLEY, Dr.; HILARY
DOUGLAS, Dr.; NANCY COOK, Mrs.; ANDERSON W. TOWNSEND, Mr.;
ALICE MONTGOMERY, Mrs.,

        Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:08-cv-00715-RLW)

Submitted:  March 12, 2009        Decided:  March 18, 2009

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Wesley Edward Smith, III, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Edward Smith, III, seeks to appeal the district court's order denying his Fed. R. Civ. P. 59(e) motion, which sought reconsideration of the district court's order dismissing his civil action for improper venue.[*] We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases in which the United States is not a party, parties are accorded thirty days after the entry of the district court's final judgment or order to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(A). A district court may extend the time to file a notice of appeal if a party moves for an extension within thirty days after expiration of the original appeal period and the party has shown excusable neglect or good cause warranting an extension. See Fed. R. App. P. 4(a)(5)(A); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989). A bare notice of appeal does not constitute a motion for an extension of time, however, if "no request for additional time is manifest." Shah v. Hutto, 722 F.2d 1167, 1168-69 (4th Cir.

---

[*] Although Smith did not specify whether his post-judgment "Reply in Support of Venue Opposing Court Decision" was filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), because it was filed within the ten-day time limit for Rule 59(e) motions, it is treated as such. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

1983) (en banc).  The time period within which to file a notice of appeal is "mandatory and jurisdictional."  <u>Browder v. Dir., Dep't of Corr.</u>, 434 U.S. 257, 264 (1978) (internal citations omitted).

The district court's order denying Smith's motion was entered on the docket on December 2, 2008.  The notice of appeal was filed on January 6, 2009.  Smith did not move for an extension of time nor did his notice of appeal include a request for additional time.  Because Smith failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>