**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6380**

JAJA DUMISANI BAAKO OKERA, a/k/a Michael Burns,

　　　　　Plaintiff – Appellant,

　　　　v.

JON OZMINT, SCDC Director; JANICE PHILLIPS, Medical Review
Coordinator; WILLIE L. EAGLETON, Evans Correctional
Institution Warden; C. GARDNER, Dental Assistant,

　　　　　Defendants – Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Terry L. Wooten, District Judge.
(8:07-cv-01272-TLW)

Submitted:  June 22, 2009　　　　　Decided:  June 30, 2009

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

JaJa Dumisani Baako Okera, Appellant Pro Se.　D.　Malloy
McEachin, Jr., Florence, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

JaJa Dumisani Baako Okera seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 59(e) motion to alter or amend its order adopting the recommendation of the magistrate judge, granting judgment to Defendants, and dismissing his 42 U.S.C.A. § 1983 (West 2007) civil rights action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases in which the United States or its officer or agency is not a party, the parties are accorded thirty days after the entry of the district court's final judgment or order to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if a party moves for an extension within thirty days after expiration of the original appeal period and the party has shown excusable neglect or good cause warranting an extension. See Fed. R. App. P. 4(a)(5)(A); Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989). A bare notice of appeal does not constitute a motion for an extension of time, however, if "no request for additional time is manifest." Shah v. Hutto, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc). The time period within which to file a notice of appeal is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v.

2

Robinson, 361 U.S. 220, 229 (1960)); see Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360, 2366 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

The district court's order denying Okera's Rule 59(e) motion was entered on the docket on January 26, 2009. Okera had until February 25, 2009 to file his notice of appeal. He did not do so until February 26, 2009,[*] one day late. Okera did not move for an extension of time, nor did his notice of appeal include a request for additional time. Because Okera failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988).