**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6312**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO R. HALL, a/k/a Mack,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:10-cr-00744-RDB-1; 1:14-cv-01693-RDB)

Submitted:  March 19, 2018                        Decided:  March 28, 2018

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Antonio R. Hall, Appellant Pro Se.  Clinton Jacob Fuchs, John Francis Purcell, Jr., Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio R. Hall seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion. We previously remanded this case to the district court for the limited purpose of determining when Hall filed his notice of appeal. On remand, the district court determined that Hall filed his notice of appeal after the appeal period expired. We agree and dismiss this appeal for lack of jurisdiction.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on November 23, 2016. Consequently, Hall had until January 23, 2017, to note a timely appeal. *See* Fed. R. App. P. 26(a)(1)(C). According to Hall, he provided his notice of appeal to prison officials for mailing to the district court on January 20, 2017. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266 (1988). However, the documents Hall supplied suggest that he mailed his notice of appeal to the wrong address, and, thus, the district court never received a notice of appeal from Hall. We therefore construe Hall's February 20, 2017, letter to this court inquiring about the status of appeal as his notice of appeal. Because the letter was filed after the appeal period expired and Hall did not obtain an extension or

2

reopening of the appeal period, we dismiss the appeal for lack of jurisdiction.[*]  We also deny Hall's motion to place this appeal in abeyance pending the Supreme Court's decision in *Sessions v. Dimaya*, No. 15-1498 (argued Oct. 2, 2017).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] We decline to construe Hall's letter inquiring about the status of his appeal as a motion to extend the appeal period because, even liberally construed, the letter contained no request for additional time to appeal or any excuse for the untimely filing of the appeal.  *See Myers v. Stephenson*, 748 F.2d 202, 204 (4th Cir. 1984); *Shah v. Hutto*, 722 F.2d 1167, 1169 (4th Cir. 1983) (en banc).

3