**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7177**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD OMAR FAZEL, a/k/a Rodney Dickerson, a/k/a Roscoe Barnes,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:17-cr-00014-AJT-1; 1:17-cv-01447-AJT)

Submitted: January 22, 2019                Decided: January 25, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Remanded by unpublished per curiam opinion.

Donald Omar Fazel, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Omar Fazel seeks to appeal the district court's order denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (2012). In a civil case in which the United States is a party, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B)(i). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "If an inmate files a notice of appeal . . . the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). The district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *see Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989); *Shah v. Hutto*, 722 F.2d 1167, 1168 (4th Cir. 1983) (en banc) (holding that bare notice of appeal filed within extension period does not constitute motion for extension).

The district court entered its order on July 18, 2018, and received Fazel's notice of appeal on September 20, 2018, after the expiration of the 60-day period.[*] Fazel's notice of appeal lacks any indication of when Fazel deposited the notice in the prison mail system. Because Fazel's notice of appeal was received three days after the expiration of

---

[*] The sixtieth day after entry of judgment landed on a Sunday, and therefore the appeal period expired on Monday, September 17, 2018. *See* Fed. R. App. P. 26(a)(1)(C).

the deadline, we remand to the district court to determine whether Fazel timely filed his notice of appeal by depositing it in the institution's internal mail. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*