**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 20-1657

DENISE LOURINE NICHOLS,

        Plaintiff - Appellant,

    v.

ANDREW SAUL, Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:18-cv-01545)

Submitted: April 27, 2021                     Decided: May 7, 2021

Before KEENAN and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant. Brian O'Donnell, Acting Regional Chief Counsel, Charles Kawas, Acting Deputy Regional Chief Counsel, Jordana Cooper, Senior Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Michael B. Stuart, United States Attorney, Gregory P. Neil, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denise Lourine Nichols seeks to appeal the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's denial of Nichols' applications for disability insurance benefits and supplemental security income. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 20, 2020. Nichols filed her notice of appeal 70 days later, on May 29, 2020. Although filed within the excusable neglect window, Nichols' bare notice of appeal cannot serve as a motion to extend under Rule 4(a)(5). *See Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc) ("A bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest."). Nor can Nichols' handwritten explanation for her late notice of appeal—also filed on May 29, 2020—function as a Rule 4(a)(5) motion, as it contains no explicit request to extend the appeal period. *See Myers v. Stephenson*, 748 F.2d 202, 204 (4th Cir. 1984) ("The relevant filing period for all appellants, *pro se* or otherwise, can be extended only by explicitly requesting an extension of time in accordance

with [Rule] 4(a)(5).").  Accordingly, because Nichols failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*