**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-2160

BRENDA DAWSON BATTLE,

Plaintiff - Appellant,

v.

ATTY CREEL; JUDGE GRIFFIN; JUDGE CURTIS; MARK STUCKEY; ASHLEY ACKERMAN; JIMMY LOWERY,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:22-cv-02138-CMC)

Submitted:  July 25, 2023                          Decided:  July 27, 2023

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Brenda Dawson Battle, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brenda Dawson Battle seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing Battle's civil complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on August 24, 2022. Battle filed the notice of appeal on November 9, 2022. Because Battle failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] In her informal brief, Battle states that she did not receive notice of the district court's order until October 8, 2022. Battle did not mention that fact in her notice of appeal or ask the district court to reopen the appeal period. We decline to construe Battle's bare notice of appeal as a motion to reopen the appeal period. *See Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc).