**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1990**

_____

DAMON EMANUEL ELLIOTT,

        Plaintiff - Appellant,

    v.

UNITED STATES DEPARTMENT OF AGRICULTURE,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:22-cv-00142-LKG)

_____

Submitted:  April 30, 2024                                Decided:  May 24, 2024

_____

Before THACKER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Damon Emanuel Elliott, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Emanuel Elliott appeals the district court's memorandum opinion and order dismissing his complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 26, 2023. A timely notice of appeal was due by August 25, 2023. Elliott's mailed notice of appeal was dated August 14, 2023, postmarked September 13, 2023, beyond the 60-day appeal period, and received by the district court on September 15, 2023. An inmate's notice of appeal is considered filed as of the date it was properly delivered to prison officials for mailing. Fed. R. App. P. 4(c)(1)(A); *Houston v. Lack*, 487 U.S. 266, 276 (1988). The inmate's notice of appeal must include "a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or . . . evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." Fed. R. App. P. 4(c)(1)(A)(i), (ii). Elliott did not include a declaration or notarized statement setting out the date the notice was deposited in the prison's mail system.

2

Although the notice of appeal was filed with the district court within the excusable neglect window, it cannot serve as a motion to extend the appeal period under Rule 4(a)(5). *See Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc) ("A bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest."); *see also Myers v. Stephenson*, 748 F.2d 202, 204 (4th Cir. 1984) ("The relevant filing period for all appellants, *pro se* or otherwise, can be extended only by explicitly requesting an extension of time in accordance with [Rule] 4(a)(5).").

Accordingly, because Elliott failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3