Jerry Lewis MYERS, Appellant,

v.

Linwood V. STEPHENSON; Attorney General of the State of North Carolina, Rufus L. Edmisten, Appellees.

No. 84–6049.

United States Court of Appeals, Fourth Circuit.

Submitted July 11, 1985.

Decided· Jan. 16, 1986.

· Paul Green, Third-year Student (William A. Reppy, Jr., on brief) for appellant.

Barry S. McNeill, Asst. Atty. Gen. (Rufus L. Edmisten, Atty. Gen. of N.C., on brief) for appellees.

Before MURNAGHAN and SPROUSE, Circuit Judges, and HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation.

SPROUSE, Circuit Judge:

When we previously considered this appeal by Jerry Myers, a North Carolina prisoner, we remanded for further factfinding by the district court to determine if the appeal was timely filed under Fed.R.App.P. 4(a). *Myers v. Stephenson*, 748 F.2d 202 (4th Cir.1984). *See also Shah v. Hutto*, 722 F.2d 1167 (4th Cir.1983) (en banc). We now conclude that the appeal was timely filed and that we have appellate jurisdiction to review the district court's dismissal of Myers' 28 U.S.C. § 2254 habeas corpus petition. Before turning to the merits, however, we first detail our reasoning in determining that *Shah v. Hutto, supra,* does not control the procedural aspects of Myers' appeal.

We recited the procedural facts involved in Myers' appeal in our previous opinion. 748 F.2d at 203–04. We summarize them briefly here. The district court dismissed Myers' habeas corpus petition on May 27, 1983, the same day on which he filed it. Myers mailed his notice of appeal to the district court on either June 17, 1983 or June 21, 1983, at least six days, and possibly ten days, before the expiration of the thirty-day appeal period which fell on June 27, 1983.[1] *See* Fed.R.App. 4(a)(1) (providing a period of thirty days from judgment in which to file notice of an appeal). Myers addressed his notice of appeal to the "United States District Court for the Middle District of N.C. Winston-Salem Division." The main office of the clerk of the Middle District of North Carolina is in Greensboro, North Carolina, and the notice was forwarded from Winston-Salem to the clerk's office in Greensboro. As we noted in our earlier opinion, however, the receipt of the notice in the Winston-Salem Division would satisfy Rule 4(a)(1) if it was received within the thirty-day period. *Myers,* 748 F.2d at 203. We remanded, in part, to resolve the question of fact as to the date Myers' notice was actually received in the Winston-Salem Division. *Id.* On remand, the district court determined that the notice was

---

1. Myers indicated he deposited his notice of appeal in the mail on June 17, 1983. Prison records, however, indicate that the letter was not placed in the mail until June 21, 1983. We did not, however, require the district court to resolve this factual dispute on remand because both dates were well within the thirty-day appeal period, and thus determination of the specific date of mailing was not necessary for our decision. *Myers,* 748 F.2d at 203 n. 2.

not received there until July 1, 1983.[2] Dilatory handling of the notice by prison officials and the United States Postal Service, compounded by the inadequacy of the address which Myers provided, was apparently responsible for the considerable delay between his mailing of the notice and its delivery to the district court. Myers' notice of appeal thus was not received within the initial thirty-day period after judgment as required by Rule 4(a)(1). On June 22, however, well within the second thirty-day period allowed by Rule 4(a)(5),[3] the district court, finding excusable neglect, granted Myers an extension of time in which to file his notice of appeal.

■ We conclude that the discrete circumstances of this case brought Myers' appeal within the requirement of Rule 4(a)(5) as interpreted by *Shah, supra,* and thus his notice of appeal was timely filed. Based upon Myers' testimony at the evidentiary hearing conducted on remand, the district court determined that, on July 5, 1983, Myers wrote the clerk of the district court asking to be notified of the receipt of his appeal. Myers testified that he wrote this letter because he was concerned that he might have improperly addressed the notice of appeal, as in fact he did. The clerk received the letter on July 12. On July 22, the district court *sua sponte* issued its order granting Myers' an extension of time under Fed.R.App.P. 4(a)(5).

Prior to the 1979 amendment of Fed.R. App.P. (4)(a),[4] this court followed a flexible interpretation of the rule with respect to *pro se* litigants. *See Craig v. Garrison,* 549 F.2d 306 (4th Cir.1977). In *Craig,* we held that a district court should not treat as untimely a notice of appeal received after the initial thirty-day period, but within the thirty-day period in which the district court could grant an extension, until the court had advised the litigant of the requirements of Rule 4(a) and provided him an opportunity to establish excusable neglect to justify the extension of time authorized by the rule. 549 F.2d at 307. In *Shah v. Hutto,* this court sitting en banc determined that the 1979 amendment to Rule 4(a) overruled our decision in *Craig.* 722 F.2d at 1168. We held in *Shah:*

> a motion to extend the time must be filed no later than thirty days after the expiration of the original appeal period in order for a court of appeals to have jurisdiction over the appeal.... A bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest.

*Id.* at 1168–69.

As the district court determined on remand, Myers, unlike the appellant in *Shah,* contacted the district court during the period in which the court could grant an extension under Rule 4(a)(5) and asked to be notified of the receipt of his notice of appeal. That letter, which he wrote because he was concerned that he might have improperly addressed his notice of appeal, evinced a desire to preserve his appeal. On July 22, within the thirty-day period al-

---

2. The notice of appeal was not stamped received at the clerk's office in Greensboro until July 5, 1983. 748 F.2d at 204.

3. In 1979, Congress amended Fed.R.App.P. 4(a) to provide:

   (5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed

   30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later. Fed.R. App.P. 4(a)(5).

4. Fed.R.App.P. 4(a) prior to 1979 read in part:

   Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

lowed by Rule 4(a)(5), the district court *sua sponte* entered an order extending the time for Myers to file his appeal. Myers asserted on remand that he would have filed a motion for extension of time but for the district court's order granting an extension. Under these circumstances, it is reasonable to construe the July 5 letter and the district court's *sua sponte* order as meeting the requirement of *Shah v. Hutto*. As Judge Murnaghan pointed out in our first consideration of this matter, it would be unfair to deny Myers consideration of the merits of his appeal because he did not make an explicit motion for an extension after the district court had already granted an extension. *Myers*, 748 F.2d at 208.

Moreover, the district court's action in the instant case distinguishes it from *Shah*. Here, the district court addressed the appropriateness of granting the thirty-day extension and specifically found "obvious excusable neglect" in the erroneous addressing of the envelope containing the notice of appeal, a procedural fact not present in *Shah*. *See Shah v. Hutto*, 704 F.2d 717, 719, 721 (4th Cir.), *rev'd*, 722 F.2d 1167 (4th Cir.1983) (en banc). Again, as Judge Murnaghan wrote in his concurring and dissenting opinion in our first consideration of Myers' appeal:

> The whole purpose of Rule 4(a)(5) is to attack staleness, to require a matter to be brought to the court's attention within sixty days of the entry of the order which is the subject of the appeal. Here, not only is it indisputable that it was brought to the district judge's attention within sixty days; furthermore, the court had already acted and granted the relief before the time expired. The written motion, required by the Rule to have been initiated by appellant Myers was, in the circumstances, patently superfluous. The law does not customarily command

performance of a useless act. The purpose of the rule having been fully met, it should be recognized as having been substantially complied with.

748 F.2d at 207–08. Thus, concluding that Myers' appeal was timely filed, we turn to the merits of his appeal.

Although Myers presented a number of substantive points in his habeas corpus petition, on appeal he challenges his sentence principally on two grounds: (1) that the North Carolina state courts were intentionally sentencing blacks to longer sentences than similarly-situated whites, and (2) that his guilty plea was not made after proper advice and with full understanding of its consequences.

■ We agree with the district court that the petition does not adequately allege a claim that Myers received a longer sentence because of racial discrimination. The district court, however, did not address Myers' allegation that his counsel misinformed him of the consequences of the plea agreement by which he pled guilty to the crime of second degree burglary. At the time of the plea and sentence, the minimum sentence for second degree burglary under North Carolina statute was seven years and the maximum was life imprisonment. The trial court, however, had the authority to impose a longer minimum sentence than the statutory minimum, which the court exercised in sentencing Myers. Myers alleged that his counsel informed him that after his plea and sentencing he would be eligible for parole in seven years. In fact, he was sentenced to a minimum sentence of twenty years which made him eligible for parole in approximately fourteen years.[5]

The district court, in denying the petition for habeas corpus, did not consider this

---

5.  Under North Carolina's method of computing parole eligibility, an individual is eligible for parole when he has served the *lesser* of the minimum sentence which the trial court imposes or one-fifth of the statutory maximum.

    At the time of Myers' conviction, second degree burglary carried a maximum sentence of life imprisonment. North Carolina computed one-fifth of that maximum to be twenty years. The trial court sentenced Myers to a minimum sentence of twenty years. With good time credits, his individual minimum sentence would make him eligible for parole after approximately fourteen years because it is less than one-fifth of the statutory maximum.

allegation of a plea based on misinformation. We, of course, have no basis to form an impression as to the validity of Myers' allegation, but we think he may be entitled to an evidentiary hearing on this point. *See Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). We remand for that purpose. With respect to Myers' other contentions, we affirm the decision of the district court.

AFFIRMED IN PART, REMANDED IN PART.