804 F.2d 677
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerome HINTON, Plaintiff-Appellant,
v.
Howard LYLES, Warden of Maryland Penitentiary, Defendant-Appellee.
 No. 86-6675.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 17, 1986.
Decided Nov. 6, 1986.
 
 Jerome Hinton, appellant pro se.
 D.Md.
 DISMISSED.
 Before RUSSELL, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jerome Hinton, a Maryland inmate, filed this 28 U.S.C. Sec. 2254 action in the district court and, shortly after filing, moved to dismiss the action while he completed exhaustion of his state remedies. The district court granted Hinton's motion and dismissed the action without prejudice by order filed January 16 and entered on the docket January 21, 1986. After seeking clarification from the district court whether the dismissal would preclude litigation of his claims after exhaustion of state remedies, Hinton noted this appeal on February 27, 1986, seeking from this Court clarification on the same point.
 
 
 2
 Initially we note that Hinton's notice of appeal was filed outside the thirty day period provided by Fed.R.App.P. 4(a)(1). The notice was, however, filed within the time in which a motion to extend the appeal period may be brought. Fed.R.App.P. 4(a)(5). See Shah v. Hutto, 722 F.2d 1167 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984). Although Hinton did not formally make such a motion, an argument could be made that Hinton's references in his notice of appeal to his postjudgment efforts to ascertain the effect of the order constituted an explanation for the delay in noting an appeal and a request that the delay be excused. Cf. Myers v. Stephenson, 781 F.2d 1036 (4th Cir.1986).
 
 
 3
 We need not decide, however, whether Hinton's notice of appeal should be construed in this fashion. All that Hinton seeks by this appeal is an explanation of the effect of the district court's dismissal order. That explanation is easily provided. The district court did not adjudicate the merits of Hinton's claims, and its order specifically stated that the dismissal was without prejudice. The order will not prevent consideration of Hinton's claims if he chooses to bring them before the federal courts after exhausting state remedies.
 
 
 4
 We accordingly deny a certificate of probable cause to appeal and dismiss the appeal. We deny appointment of counsel and dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 DISMISSED.