816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry Lewis MYERS, Petitioner-Appellant,
v.
Linwood V. STEPHENSON; Rufus L. Edmisten, Attorney General
of the State of North Carolina, Respondents-Appellees.
 No. 86-7320.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 23, 1987.
Decided April 16, 1987.
 
 Jerry Lewis Myers, appellant pro se.
 Barry Steven McNeill, Assistant Attorney General, for Appellees.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jerry Myers, a North Carolina prisoner, appeals the district court's denial of his 28 U.S.C. Sec.Sec. 2254 petition after a post-conviction evidentiary hearing finding against him on a claim that his counsel misinformed him of the consequences of his guilty plea. We dismiss the appeal.
 
 
 2
 Myers was arrested on May 26, 1980, on charges of second degree burglary and larceny of personal property from an apartment in Winston-Salem, North Carolina. On May 27, an attorney was appointed to represent Myers. Myers was released on bond on June 18. On August 18, 1980, an indictment was returned charging Myers with second degree burglary and felonious larceny. On October 4, 1980, while free on bond, Myers was arrested for felonious possession of burglary tools. On October 5, 1980, a warrant was issued charging Myers with felonious breaking and entering and felonious larceny. The same attorney was again appointed to represent Myers on charges arising from Myers' October arrest.
 
 
 3
 October 6, 1980, was the trial date for the May second degree burglary and felonious larceny charges. On that date, Myers appeared in Forsyth County, North Carolina, Superior Court. After being duly admonished, he entered guilty pleas to the May charges and also to the charges stemming from the October 4 arrest. Based on his pleas, the court sentenced Myers to a minimum sentence of twenty years.
 
 
 4
 Myers eventually filed a 28 U.S.C. Sec.Sec. 2254 petition challenging the constitutionality of his 1980 guilty pleas. The district court dismissed the petition. Myers appealed, and this Court remanded the action for further fact finding to determine whether Myers' appeal was timely filed. Myers v. Stephenson, 748 F.2d 202 (4th Cir. 1984). After further fact finding by the district court, this Court concluded that Myers' appeal was timely filed. Myers v. Stephenson, 781 F.2d 1036 (4th Cir. 1986). This Court also addressed the merits of the two grounds Myers raised on appeal:
 
 
 5
 (1) that the North Carolina state courts were intentionally sentencing blacks to longer sentences than similarly situated whites, and
 
 
 6
 (2) that Myers' guilty plea was not made after proper advice and with full understanding of its consequences.
 
 
 7
 See id. at 1039-40. This Court affirmed the district court's conclusion that the petition did not accurately allege a claim that Myers received a longer sentence because of racial discrimination. This Court found that the district court had not addressed Myers' allegation that his counsel had misinformed him of the consequences of his plea, and remanded the action for an evidentiary hearing on this point. See id.
 
 
 8
 Counsel was appointed to represent Myers at the evidentiary hearing. At the June 17, 1986, evidentiary hearing, the magistrate carefully examined Myers' contention that his guilty plea was not made after proper advice and with full understanding of its consequences. The magistrate's findings of fact revealed that (1) Myers' counsel informed him that he faced a maximum possible sentence on all charges of 140 years and that there was a seven-year mandatory minimum sentence, (2) counsel made no predictions as to what sentence Myers would receive but told him that no matter what sentence he received, he would have to serve a seven-year minimum sentence, and (3) counsel did not tell Myers that he would be eligible for parole in seven years. The magistrate also found that Myers was informed by counsel, and understood, that there was no plea agreement and that no one knew what sentence the trial judge would impose.
 
 
 9
 Where, as here, a defendant was represented by counsel during the plea process and entered his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, --U.S. ---, 54 U.S.L.W. 4006, 4007 (Nov. 18, 1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). The state trial record and the facts established at the evidentiary hearing provided ample evidence that the plea was made after proper advice and with full understanding of its consequences. The fact that the magistrate and district judge chose to believe the testimony of Myers' attorney at the evidentiary hearing constitutes a credibility choice which will not be disturbed on appeal. See Pollinzi v. Estelle, 628 F.2d 417 (5th Cir. 1980). See also United States, 518 F.2d 831 (4th Cir. 1975). We conclude, as the district court did, that Myers' claim of a plea based on misinformation is unsupported by the record and without merit.
 
 
 10
 Accordingly, we grant leave to proceed in forma pauperis, deny a certificate of probable cause to appeal, and because the dispositive issues recently have been decided authoritatively, dispense with oral argument, and dismiss the appeal.
 
 
 11
 DISMISSED.