878 F.2d 379
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert J. DAVEY, Petitioner-Appellant,
v.
Jerry C. HEDRICK, Warden, West Virginia Penitentiary,
Respondent-Appellee
 No. 88-7692.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 6, 1989.
Decided June 23, 1989.
 
 Robert J. Davey, appellant pro se.
 Silas Bent Taylor, Office of the Attorney General of West Virginia, for appellee.
 Before K.K. HALL, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert J. Davey, a West Virginia inmate, brought this habeas petition pursuant to 28 U.S.C. Sec. 2254 challenging his conviction for first degree sexual assault. The district court dismissed the action on the recommendation of the magistrate. We remand for further proceedings.
 
 
 2
 The district court referred the action to a magistrate pursuant to 28 U.S.C. Sec. 636. The magistrate, in a report and recommendation dated March 17, 1988, found that the petition was without merit and recommended that it be dismissed. The magistrate informed Davey that he could file objections to the report, and that he had 13 days to do so. 28 U.S.C. Sec. 636(b)(1) (objections to magistrate's report must be filed within 10 days after service of the report); Fed.R.Civ.P. 6(e) (3 days added to time for filing where service on parties is effectuated by mail). Because of the intervening weekends, Davey's objections were due on April 5, 1988. Fed.R.Civ.P. 6(a).
 
 
 3
 Davey filed notices of appeal to the magistrate's report on April 1, 1988, and again on April 12, 1988. He did not, in either notice, state specific objections to the magistrate's report; rather, he attempted to comply with Fed.R.Civ.P. 72(b) by filing a notice of appeal. The district court held that Davey had not filed timely objections to the magistrate's report and consequently dismissed the action without conducting a de novo review. 28 U.S.C. Sec. 636(b)(1).
 
 
 4
 The district court entered its order dismissing the case on April 15, 1988. Davey sent a letter to the court inquiring about the status of his appeal on May 24, 1988; the letter was filed on May 27, 1988, 42 days after the court's order. In that letter, Davey conveyed his belief that a notice of appeal had been sent by a law clerk on his behalf approximately one month earlier, well within the time for filing a notice of appeal.
 
 
 5
 A letter which evinces a desire to preserve the right to appeal which is received by the court in the second 30-day period after entry of a final order may be construed as a motion for extension of time in which to file an appeal. Myers v. Stephenson, 781 F.2d 1036, 1038-39 (4th Cir.1986). As Davey's letter evinces this desire and was timely filed, it should have been construed as a motion for an extension of time. In order to grant the motion for extension of time, the court must find excusable neglect.* Fed.R.App.P. 4(a)(5). Therefore, we grant leave to proceed in forma pauperis, grant a certificate of probable cause to appeal, and remand for a determination of whether Davey's motion for an extension of time should be granted due to excusable neglect.
 
 
 6
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 REMANDED.
 
 
 
 *
 The district court may wish to consider Davey's belief that a timely notice of appeal had been filed, as well as the psychologist's findings that Davey's IQ score indicated borderline mental retardation, in its finding regarding excusable neglect