896 F.2d 1367
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James POUNCY, Jr., Plaintiff-Appellant,
v.
L.B. CEI, Chief of Classification, Virginia Department of
Corrections; P. Johnson, Assistant Warden; Charles
Thompson, Assistant Warden; Sergeant Arthur; Sergeant
Linville; Officer Percy, Defendants-Appellees.
 No. 89-6706.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1989.
Decided: Feb. 8, 1990.
 
 James Pouncy, Jr., appellant pro se.
 William W. Muse, Eric Karl Gould Fiske, Office of the Attorney General of Virginia, for appellees.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Pouncy, Jr., a Virginia state prisoner presently incarcerated in Kentucky pursuant to the Interstate Corrections Compact, appeals the district court's May 11, 1989, dismissal of his 42 U.S.C. Sec. 1983 action. His notice of appeal, including an explanation of his delay, was dated June 10, 1989, but it was not filed in the district court until June 16, four days after the expiration of the appeal period established by Fed.R.App.P. 4(a)(1) and 26(a).*
 
 
 2
 In Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 21, 1988) (No. 87-5428), the Supreme Court held that a pro se prisoner's notice of appeal is deemed filed at the moment of delivery to prison authorities for forwarding to the district court. We cannot determine from the record before us whether Pouncy gave his notice of appeal to prison authorities by June 12, 1989. Accordingly, we remand the case to the district court for such a determination. On remand, that court will obtain this information from the parties and make any necessary evidentiary rulings.
 
 
 3
 If the district court finds that Pouncy did not give his notice of appeal to prison authorities by June 12, then the court should determine whether the notice can be construed as a motion for an extension of time to note the appeal. Fed.R.App.P. 4(a)(5); Washington v. Bumgarner, --- F.2d ----, No. 88-6716 (4th Cir. Aug. 22, 1989); Myers v. Stephenson, 781 F.2d 1036 (4th Cir.1986); Shah v. Hutto, 722 F.2d 1167 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984). The case, as supplemented, should then be returned to this Court for further consideration.
 
 
 4
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court, and oral argument would not significantly aid the decisional process.
 
 
 5
 REMANDED.
 
 
 
 *
 The 30-day appeal period ended on June 10, 1989, a Saturday. Thus, Pouncy had until Monday, June 12, to submit a timely notice of appeal. Fed.R.App.P. 4(a)(1), 26(a)