96 F.3d 1440
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Ray YOST, Defendant-Appellant.
 No. 96-6370.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 20, 1996.
Decided Sept. 11, 1996.
 
 Ronald Ray Yost, Appellant Pro Se. Michael Lee Keller, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 REMANDED.
 Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.
 Remanded by unpublished per curiam opinion.
 PER CURIAM:
 
 
 1
 Ronald Ray Yost appeals from the district court's dismissal of his motion to vacate sentence under 28 U.S.C. § 2255 (1988). We remand for the district court to act upon Yost's motion for an extension of time to file an appeal.
 
 
 2
 A district court order or judgment in a case to which the United States is a party must be appealed within sixty days. Fed. R.App. P. 4(a)(1). The time periods established by Fed. R.App. P. 4 are " 'mandatory and jurisdictional.' " Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). An appellant may move for an extension of the appeal period within the additional thirty-day period provided by Fed. R.App. P. 4(a)(5); however, the district court may grant an extension only if the petitioner makes a showing of good cause or excusable neglect warranting the grant of an extension. Fed. R.App. P. 4(a)(5).
 
 
 3
 Here, although Yost failed to file a notice of appeal within the initial sixty-day period established by Rule 4(a)(1), he did file a motion for extension of time to appeal within the subsequent thirty-day period permitted by Rule 4(a)(5).* The district court has not acted upon Yost's motion for extension of time to appeal. Therefore, we remand for the district court to rule on Yost's motion.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 REMANDED
 
 
 *
 While Yost's motion consists of a memorandum accompanying his notice of appeal in which he requests that his late appeal be accepted, we find it qualifies as a motion for an extension due to Yost's expressed desire to pursue his appeal. See Myers v. Stephenson, 781 F.2d 1036, 1038-39 (4th Cir.1986)