**Elijah BUCKLEY, Plaintiff–Appellant,**

v.

**Jack FREUND, Doctor for Richmond City Jail; Dirck L. Brendlinger, PRCC Orthopedist; Dr. Ofogh, LUCC Doctor, Defendants–Appellees.**

No. 01–6788.

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 10, 2001.

Decided Nov. 21, 2001.

Elijah Buckley, pro se. Elizabeth Stanulis Skilling, Harman, Claytor, Corrigan & Wellman, Richmond, VA; Edward Joseph McNelis, III, Rawls & McNelis, P.C., Richmond, VA, for appellees.

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

OPINION

PER CURIAM.

Elijah Buckley appeals from the district court's order granting summary judgment to the Defendants and dismissing his civil rights action. We remand for the district court to act upon Buckley's motion to file an untimely appeal.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal. Fed. R.App. P. 4(a)(1). The time periods established by Fed. R.App. P. 4 are " 'mandatory and jurisdictional.' " *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)). An appellant may move for an extension of the appeal period within the additional thirty-day period provided by Fed. R.App. P. 4(a)(5); however, the district court may grant an extension only if the petitioner makes a showing of good cause or excusable neglect warranting the grant of an extension. Fed. R.App. P. 4(a)(5). The district court may also reopen the time to file an appeal if it finds that: (1) a party entitled to notice of entry of the judgment did not timely receive the notice, and (2) no party would be prejudiced. Fed. R.App. P. 4(a)(6). This provision requires a motion to reopen to be filed on or before the earlier of 180 days of judgment or seven days of receipt of the judgment. *Id.*

Here, although Buckley failed to file a notice of appeal within the initial thirty-day period established by Rule 4(a)(1), he did file a motion for extension of time to

appeal within the subsequent thirty-day period permitted by Rule 4(a)(5). While Buckley's motion consists of the "motion notice appeal" in which he requests that his late appeal be accepted, we find it qualifies as a motion for an extension due to Buckley's expressed desire to pursue his appeal. *See Myers v. Stephenson,* 781 F.2d 1036, 1038–39 (4th Cir.1986). Further, it may also qualify as a motion to reopen the appeal period under Fed. R.App. P. 4(a)(6).

Because Buckley timely filed what could be construed as a motion for an extension of the appeal period pursuant to Fed. R.App. P. 4(a)(5), or a motion to reopen the appeal period for failure to receive notice of the judgment pursuant to Fed. R.App. P. 4(a)(6), we remand the case to the district court for a determination of whether to grant an extension of time to note an appeal or to reopen the appeal period.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED.*