**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6102

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL J. CONCESSI,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (CR-01-60; CA-03-320-2)

Submitted: August 25, 2004          Decided: September 23, 2004

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

Remanded by unpublished per curiam opinion.

Michael J. Concessi, Appellant Pro Se. Alan Mark Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael J. Concessi seeks to appeal the district court's denial of his 28 U.S.C. § 2255 (2000) motion. In civil actions in which the United States or an officer or agency thereof is a party, all parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). These time periods "are mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Concessi's motion was entered on October 30, 2003. Concessi's notice of appeal was dated December 30, 2003, one day outside the sixty-day appeal period.[1] Along with his notice of appeal, Concessi submitted a letter that appears to argue that he had good cause for his late filing. We construe Concessi's letter as a motion to extend the appeal period under Rule 4(a)(5). See Washington v. Bumgarner, 882 F.2d 899, 901 (4th Cir. 1989); Myers v. Stephenson, 781 F.2d 1036, 1038-39 (4th Cir. 1986). Accordingly, we remand the case to the district court

---

[1]Because Concessi was in prison, we construe the date he executed his notice of appeal as the earliest date on which it can be considered filed. See Houston v. Lack, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c).

to determine whether Concessi has shown excusable neglect or good cause to warrant an extension of the appeal period.[2]  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[2]We express no opinion whether Concessi has made the requisite showing under Rule 4(a)(5).