**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-7066**

———————————

EARL THOMAS, III,

                                        Plaintiff - Appellant,

        versus

CAPTAIN CROSBY; LIEUTENANT GENEAU,

                                        Defendants - Appellees,


        and


RICHMOND CITY JAIL; SHERIFF MITCHELL; MAJOR
MINION; LIEUTENANT MCCRAY; LIEUTENANT HALL;
ANY AND ALL OTHER DEPUTIES ALSO INVOLVED,

                                        Defendants.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Chief District Judge. (CA-02-1685-1)

———————————

Submitted:  November 17, 2004        Decided:  December 10, 2004

———————————

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

———————————

Remanded by unpublished per curiam opinion.

———————————

Earl Thomas, III, Appellant Pro Se.  John Adrian Gibney, Jr., THOMPSON & MCMULLAN, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Earl Thomas, III, seeks to appeal from the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint. The district court dismissed Thomas' complaint in an order entered on March 16, 2004. Thomas' notice of appeal was filed in the district court on June 22, 2004. In that notice of appeal, Thomas stated he did not receive notice of the district court's March 16, 2004 order until June 7, 2004, and he sought to appeal from that order. Because Thomas' notice of appeal asserted that he did not timely receive notice of the district court's order and also expressed his desire to preserve his appeal, his notice of appeal should be construed as a request to reopen the appeal period under Fed. R. App. P. 4(a)(6). See Myers v. Stephenson, 781 F.2d 1036, 1038-39 (4th Cir. 1986).

Pursuant to Houston v. Lack, 487 U.S. 266 (1988), a document is considered filed when delivered to prison officials for mailing to the court. Because Thomas' request to reopen the appeal period was filed in the district court shortly after the expiration of the seven-day period for filing such a request and the record does not reveal when Thomas gave the document to prison officials, we remand the case to the district court for the limited purpose of determining whether Thomas' request to reopen the appeal period was timely filed under Fed. R. App. P. 4(a)(6)(A). If so, the district court should then consider whether to reopen the appeal period.

- 3 -

The record, as supplemented, then will be returned to this court for further consideration.

REMANDED