**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-8050

GEORGE BECKETT,

               Petitioner – Appellant,

          v.

WARDEN; ATTORNEY GENERAL OF MARYLAND,

               Respondents – Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    William D. Quarles, Jr., District
Judge.   (1:08-cv-00873-WDQ)

Submitted:  March 12, 2009          Decided:  March 16, 2009

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Remanded by unpublished per curiam opinion.

George Beckett, Appellant Pro Se.   James Everett Williams,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Beckett seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2254 (2006) petition. In civil actions in which the United States or its officer or agency is not a party, the parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). These time periods are "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 25, 2008. Beckett signed his notice of appeal on September 13, 2008, and the notice was filed in the district court on September 19, 2008. Beckett stated in the notice of appeal that he did not receive notice of the district court's dismissal of his § 2254 petition until "mid August." Beckett requests that he be afforded "an appeal." We liberally construe Beckett's statements as requesting an extension of the appeal period under Fed. R. App. P. 4(a)(5)(A). See Washington v. Bumgarner, 992 F.2d 899, 901 (4th Cir. 1989); Myers v. Stephenson, 781 F.2d 1036, 1038-39 (4th Cir. 1986).

So construed, the motion for an extension of time was filed within the thirty-day excusable neglect period.[*]  Because the district court has not ruled on the motion for extension, we remand this case to the district court for the limited purpose of enabling the court to determine whether Beckett has shown excusable neglect or good cause warranting an extension of the thirty-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988).