**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-6947

TONY TYRONE WILSON,

                    Petitioner - Appellant,

          v.

STATE OF SOUTH CAROLINA; WARDEN, BROAD RIVER CORRECTIONAL
INSTITUTION,

                    Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Solomon Blatt, Jr., Senior
District Judge.   (3:09-cv-00303-SB)

Submitted: August 26, 2009          Decided: September 3, 2009

Before TRAXLER, Chief Judge, and GREGORY and SHEDD, Circuit
Judges.

Remanded by unpublished per curiam opinion.

Tony Tyrone Wilson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Tyrone Wilson seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2254 (2006) petition. In civil actions in which the United States or its officer or agency is not a party, the parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). These time periods are "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); see Bowles v. Russell, 551 U.S. 205, __, 127 S. Ct. 2360, 2366 (2007).

The district court's order was entered on March 17, 2009. Wilson signed his notice of appeal on May 18, 2009, and the notice was filed in the district court on May 19, 2009. In his notice of appeal, Wilson sought to appeal the district court's order, "or in the alternative . . . request[ed] [that] his case be 'reopened' for further pleadings." We liberally construe Wilson's statements as requesting an extension of the appeal period under Fed. R. App. P. 4(a)(5)(A). See

2

Washington v. Bumgarner, 882 F.2d 899, 901 (4th Cir. 1989);

Myers v. Stephenson, 781 F.2d 1036, 1038-39 (4th Cir. 1986).

So construed, the motion for an extension of time was filed within the thirty-day excusable neglect period.[*] Because the district court has not ruled on the motion for extension, we remand this case to the district court for the limited purpose of enabling the court to determine whether Wilson has shown excusable neglect or good cause warranting an extension of the thirty-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). The thirtieth day of the excusable neglect period was Saturday, May 16, 2008. Therefore, Wilson had until Monday, May 18, 2008, to move for an extension of time. See Fed. R. App. P. 26(a)(3) (instructing that in computing time periods the last day of the period be included unless that day is a Saturday, Sunday or legal holiday).