**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6316

WILLIAM PARKE CUSTIS,

Plaintiff - Appellant,

v.

ELLEN MARIE HESS, Commissioner - Virginia Employment Commission; CARRIE ANN ROTH, Former Commissioner of VEC; DEMETRIOS J. MELIS, Commissioner of VEC; CURRENT COMMISSIONER OF THE VEC,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:23-cv-00799-DJN-MRC)

Submitted:  December 23, 2025                    Decided:  December 31, 2025

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

William Parke Custis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Parke Custis, a Virginia inmate, seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint without prejudice for lack of subject matter jurisdiction and as legally frivolous. In civil actions, parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the time to file an appeal under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered final judgment on December 17, 2024, and the appeal period expired on January 16, 2025. Custis thereafter mailed a letter to the district court, which the court received on February 18, 2025, requesting a status update on his motion for reconsideration and notice of appeal. The district court took no action on Custis's letter, and Custis subsequently sent a letter to this court expressing that he still had not received a case number for his appeal; this court construed his letter as a notice of appeal and forwarded it to the district court, which filed the notice of appeal on April 4, 2025, the date the letter was received in this court.

Because Custis's April 4, 2025, notice of appeal was not filed within thirty days of the district court's judgment, his appeal is untimely. However, because Custis's February 2025 letter to the district court requesting a status update on his notice of appeal was filed

2

within the 30-day excusable neglect period[*] and evinced a desire to preserve his appeal, we construe the letter as a timely request for an extension of time to file an appeal. *See Myers v. Stephenson*, 781 F.2d 1036, 1038-39 (4th Cir. 1986). Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether Custis has shown good cause or excusable neglect warranting an extension of the appeal period under Rule 4(a)(5). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[*] The thirtieth day of the excusable neglect period fell on Saturday, February 15, 2025, and therefore Custis had until Tuesday, February 18, to request an extension under Rule 4(a)(5), because Monday, February 17, 2025, was a legal holiday. *See* Fed. R. App. P. 26(a)(3).