**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 18-4742**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWIGHT CARTER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:18-cr-00017-ELH-12)

Submitted:  March 14, 2019                                        Decided:  March 18, 2019

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Carter appeals his conviction and the 120-month sentence imposed after he pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2012). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding there are no meritorious issues for appeal. Carter has filed a pro se supplemental brief asserting that counsel rendered ineffective assistance and suggesting that the prohibition on double jeopardy was violated. The Government has filed a motion to dismiss the appeal based, in part, on the appellate waiver in Carter's plea agreement.[1] We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports counsel's concession that Carter knowingly and voluntarily waived his right to appeal his conviction and sentence. Thus, we conclude that the waiver is valid and enforceable and that the broadly worded waiver encompasses most of the issues normally reviewed pursuant to *Anders*.

---

[1] While we agree with the Government that Carter's appeal was filed beyond the 14-day appeal period, Carter's notice of appeal should have been construed as a motion for an extension of the appeal period. *See* Fed. R. App. P. 4(b)(4); *cf. Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (bare notice of appeal not construed as motion for extension of time to appeal where no request for extension of time to appeal was manifest). We thus do not base our decision here on the timeliness of Carter's appeal.

Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). To the extent Carter suggests that counsel provided ineffective assistance, we conclude that ineffective assistance does not conclusively appear on the face of this record and, thus, we decline to address this claim on direct appeal.[2] *United States v. Powell*, 680 F.3d 350, 359 (4th Cir. 2012).

Accordingly, we grant the Government's motion to dismiss the appeal in part. We are charged under *Anders* with reviewing the record for unwaived error, and our review of the record revealed no unwaived meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Carter, in writing, of his right to petition the Supreme Court of the United States for further review. If Carter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.

---

[2] Carter's ineffective assistance of counsel claim is more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of Carter's ineffective assistance of counsel claim.

3

Counsel's motion must state that a copy thereof was served on Carter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*
